FILED
United States Court of Appeals
Tenth Circuit

May 19, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JOSEPH MITCHELL CRAINE,

      Petitioner,

v.

NATIONAL SCIENCE FOUNDATION,

      Respondent,

and

KANSAS STATE UNIVERSITY,

      Intervenor - Respondent.

No. 15-9576
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.
_____

After Dr. Joseph Craine accused some of his colleagues of academic misconduct, Kansas State University investigated the matter, found the allegation unfounded, and effectively terminated Dr. Craine's position. As all this unfolded, Dr. Craine submitted a complaint to the National Science Foundation (NSF), alleging

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that the University was in the process of illegally retaliating against him, and seeking

protection from the NSF under 41 U.S.C. § 4712, a statute that protects employees of

federal grantees (like the University) from certain forms of reprisals.  In a brief order,

the NSF denied Dr. Craine's claim under § 4712, stating:

> Your complaint relates to communications you made to an academic
> journal regarding possible inaccuracies in another University employee's
> manuscript.  The Pilot Program expressly identifies the "persons or bodies"
> to whom a communication must be made to be considered a covered
> disclosure under the statute.  41 U.S.C. § 4712(a)(2)(A-G).  Because your
> communications were not made to any of the persons or bodies enumerated
> in 41 U.S.C. § 4712(a)(2)(A-G) as statutorily required, the Foundation must
> deny your claim for relief.  Even if your communications had constituted a
> covered disclosure, we are persuaded that, based on the evidence before us,
> there was not a sufficient basis to conclude that the University subjected
> you to a reprisal prohibited by 41 U.S.C. § 4712(a).

It is this order we're now asked to review.

Immediately though, we confront this problem:  the agency hasn't given us

much to go on.  When we engage in arbitrary and capricious review of agency action,

we must "ascertain whether the agency examined the relevant data and articulated a

rational connection between the facts found and the decision made." *Olenhouse v.

Commodity Credit Corp.*, 42 F.3d 1560, 1574 (10th Cir. 1994) (footnote omitted).

That means "[t]he agency must make plain its course of inquiry, its analysis and its

reasoning." *Id.* at 1575.  Yet the agency's order in this case contains very little of

that, offering much in the way of conclusion but little in the way of analysis or

reasoning.  To be sure, in their briefs the NSF and University offer a good deal of

analysis and reasoning to support the NSF's ultimate decision.  And there might be

merit to their arguments.  But when it comes to agency action, this kind of

2

"[a]fter-the-fact rationalization by counsel in briefs or argument" just isn't enough.

*Id.* The agency order itself must contain the agency's analysis and reasoning, and our review is correspondingly limited to the reasons the agency offers for decision. *Id.*; *see also Mickeviciute v. INS, 327 F.3d 1159, 1163 (10th Cir. 2003).*

This matter is remanded to the NSF for further proceedings consistent with this opinion. The NSF's motion for leave to file a surreply is denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

3